**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DALJIT SINGH SANDHU, | No. 09-71656 |
| Petitioner, | Agency No. A076-457-451 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2012**

Before:     B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Daljit Singh Sandhu, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen. Our

jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of a motion to reopen, *Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Sandhu's motion to reopen as untimely where the motion was filed six years after the BIA's final decision, *see* 8 C.F.R. § 1003.2(c)(2), and Sandhu failed to demonstrate changed circumstances in India to qualify for the regulatory exception to the time limit, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi v. Holder*, 597 F.3d 983, 989-90 (9th Cir. 2010).

We reject Sandhu's contention that the BIA did not adequately examine his evidence. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA reviewed the record); *see also Najmabadi*, 597 F.3d at 990 (the BIA "does not have to write an exegesis on every contention"). Further, Sandhu's contentions that the BIA failed to apply the proper legal standard or properly address his claim for relief under the Convention Against Torture are belied by the record.

Finally, we lack jurisdiction over any challenge Sandhu makes to the BIA's 2002 order affirming the immigration judge's decision finding him not credible, because Sandhu's petition for review is untimely as to that order. *See Toufighi*, 538 F.3d at 995.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**